USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION        14-MD-2543 (JMF)
                                                    14-MC-2543 (JMF)

*This Document Relates to All Actions*

-------------------------------------------------------------------------x

## AGREED PRESERVATION ORDER NO. 3

**I.     Introduction**

General Motors LLC ("New GM") and Plaintiffs, through Lead Counsel, (collectively, the "Parties") jointly submit this Order ("Agreed Preservation Order No. 3") for approval and entry by the Court. This Order sets forth New GM's obligations for maintaining and preserving recalled parts covered by National Highway Traffic Safety Administration ("NHTSA") Recall Campaign 14V-151 (the "Relevant Recall Campaign").

**II.    Background**

    **A.     Proceedings in this Court**

    1.     On June 12, 2014, the United States Judicial Panel on Multidistrict Litigation assigned *In re: General Motors LLC Ignition Switch Litigation*, 14-MD-2543 ("MDL 2543"), to this Court for coordinated or consolidated pretrial proceedings. (14-MD-2543, Doc. No. 1.)

    2.     On June 25, 2014, this Court entered Order No. 1, which states, among other things, that "[a]ll parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action." (14-MD-2543, Doc. No. 19 at 12.) The Order further states that "[u]ntil the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing

1

information potentially relevant to the subject matter of this litigation." (*Id.*)  Further, the Parties had at all times been subject to preservation obligations as soon as the duty to preserve arose.

3. On August 11, 2014, this Court entered an Agreed Order Regarding the Preservation of Ignition Switch Parts Governed by NHTSA Recall Campaign 14v-047000.  (14-MD-2543, Doc. No. 238 ("Agreed Preservation Order No. 1").)  Agreed Preservation Order No. 1 recognizes that, with respect to ignition switch parts returned pursuant to NHTSA Recall Campaign 14V-47, New GM would "be subject to undue burden and incur unnecessary costs" were it required to collect and store *all* such parts.  (*Id.* ¶ 11.)  Therefore, pursuant to agreement by the Parties and for good cause shown, the Court ordered, among other things, that New GM's preservation obligations with respect to ignition switch parts returned to New GM in connection with NHTSA Recall Campaign 14V-47 were limited to the preservation of the parts set forth in paragraphs 13-14 of Agreed Preservation Order No. 1.  (*Id*. ¶¶ 13-15.)

4. On September 2, 2014, this Court again entered an Agreed Order Regarding the Preservation of Parts Governed by NHTSA Recall Campaigns 14V-118, 14V-153, 14V-224, and 14V-266.  (14-MD-2543, Doc. No. 279 ("Agreed Preservation Order No. 2").)  Agreed Preservation Order No. 2 recognizes that, with regard to preservation obligations, "it is appropriate for the Court to enter preservation orders which properly balance the right of Plaintiffs to obtain relevant evidence against the potential undue burden and expense of preserving large numbers of parts that have been the subject of the Relevant Recall Campaigns." (*Id*. at ¶ 15.)  This Order concerns the Relevant Recall Campaign (as described below), which presents similar burden and cost issues.

    **B.**    **NHTSA Recall Campaign 14V-151 (New GM Recall No. 14079)**

5. NHTSA Recall Campaign 14V-151 concerns front right axle half shafts.

6.      Specifically, on March 28, 2014, New GM notified NHTSA that it was conducting a safety-related recall for front right axle half shafts for model-year 2013-2014 Chevrolet Cruze vehicles.  This recall, New GM Recall No. 14079, affects 174,046 vehicles.

### C.      New GM's Preservation Efforts

7.      New GM represents that it previously requested that New GM dealerships across the country preserve parts removed from vehicles upon completion of work associated with recall campaigns.  New GM believes that, pursuant to this request, New GM dealerships across the nation are storing parts replaced in connection with the Relevant Recall Campaign.  However, this effort is not sustainable in that numerous New GM dealerships are running out of space in which to store such parts.

8.      The Parties agree that based on the above representations, New GM has preserved or taken reasonable steps to preserve parts recalled under the Relevant Recall Campaign.

### III.    Protocol for Preservation of Parts Subject to the Relevant Recall Campaign

9.      New GM represents that: (1) New GM dealerships are presently and will continue to be subject to undue burden and unnecessary costs if they continue to collect and store all of the recalled parts subject to the Relevant Recall Campaign; (2) New GM dealerships cannot continue the practice described in paragraph 7 because numerous New GM dealerships are already running out of space in which to store recalled parts; and (3) New GM would be subject to undue burden as well as unnecessary and substantial costs were New GM to attempt to gather all of the parts subject to the Relevant Recall Campaign from dealers and attempt to centralize the storage of parts.  Plaintiffs are amenable to modifying New GM's preservation obligations so long as Plaintiffs are in no way prejudiced.  The Parties agree that it is appropriate for the Court to enter preservation orders which properly balance the right of Plaintiffs to obtain relevant

evidence against the potential undue burden and expense of preserving large numbers of parts that have been the subject of the Relevant Recall Campaign.

10. For good cause shown, the Court enters this Order with respect to New GM's obligations to preserve parts covered by the Relevant Recall Campaign. This Order supersedes Order No. 1, entered on June 25, 2014, with respect to any potential obligation that New GM might have regarding preserving parts covered by the Relevant Recall Campaign. In addition, "reasonable, advance notice" and "reasonable efforts" as used in paragraph 13 of Agreed Preservation Order No. 1, entered on August 11, 2014, shall have the definitions set forth below in footnotes 1 and 2 of this Order.

### A. Parts Associated with Named Plaintiffs

11. New GM shall undertake reasonable efforts to assist any named plaintiff in a case that has been transferred to MDL 2543 (or pending in another venue) with preserving parts covered by the Relevant Recall Campaign that may be relevant to the plaintiff's claims. To allow New GM to do so, before a recall repair is performed, a named plaintiff (or his or her counsel) must provide both the dealership replacing any such part(s) and New GM with reasonable, advance notice that the plaintiff wishes to have any such part(s) preserved for purposes of litigation.[1] New GM will then use reasonable efforts to arrange for the dealership

---

[1] "[R]easonable, advance notice" is specifically defined as written notification to both New GM and the dealership at which the recall-related work is to take place of the named plaintiff's desire to preserve the part(s) in question; the written notification must be received by New GM no less than one week prior to the occurrence of the recall-related work. With respect to the "reasonable, advance notice" provided to New GM, the notice must be sent to the attention of Patrick M. Crook at Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, and must include: (1) the vehicle identification number ("VIN") of the vehicle that will be the subject of the recall-related work; (2) the contact information for the dealership at which the recall-related work is to take place; and (3) the NHTSA Recall Campaign under which the recall-related work is to take place.

making the repair to return any such part(s) to New GM for storage and preservation.[2]

### B. Preservation of Representative Sample of Other Parts

12. As noted in paragraph 7, New GM believes that dealerships across the nation are currently storing or are in the process of storing parts from millions of vehicles subject to recall campaigns. The Parties recognize and agree that it would be unreasonable and unduly burdensome for New GM to request and attempt to receive and store all parts subject to recall campaigns.

13. Accordingly, unless otherwise instructed by the Court, New GM is only obligated to take reasonable steps to preserve recalled parts from 1% of the total number of vehicles recalled pursuant to the Relevant Recall Campaign. Subject to footnote 3, this will result in the preservation of recalled parts from 1,740 vehicles recalled pursuant to NHTSA Recall Campaign 14V-151.

14. The Parties agree that preservation of these parts will result in New GM preserving a statistically significant and representative sample of parts covered by the Relevant Recall Campaign and New GM may not argue otherwise for any purpose in litigation.[3] The Parties expect to reach substantially similar agreements concerning parts subject to recalls that are not yet addressed by an agreed preservation order.

---

[2] "[R]easonable efforts" are specifically defined as follows: New GM shall contact the dealership at which the recall-related work is to take place and request that the part(s) at issue be shipped to a centralized storage facility where they will be logged in by VIN through which vehicle repair information can be identified.

[3] The Parties recognize that New GM dealerships may not actually replace parts in connection with NHTSA Recall Campaign 14V-151 in that the recall-related work performed by a dealer for this campaign involves an inspection of the vehicles affected by the recall and a replacement of parts only if deemed necessary following inspection. Accordingly, New GM's preservation obligation with respect to parts potentially affected by this recall will be to preserve recalled parts received from 1,740 vehicles pursuant to the 14V-151 campaign *or*, in the event recalled parts are received from less than 1,740 vehicles pursuant to the 14V-151 campaign by December 31, 2014, however many parts are received from this campaign as of December 31, 2014.

15.	To implement the preservation protocol detailed above in paragraph 13 and footnote 3, upon entry of Agreed Preservation Order No. 3, New GM will request on a forward-going basis that New GM dealerships that replace parts pursuant to the Relevant Recall Campaign send those parts to a centralized New GM storage facility for preservation (the "Preservation Request").  After the entry of Agreed Preservation Order No. 3, New GM will receive all such recalled parts until it has received recalled parts from 1% of the total number of vehicles recalled pursuant to the Relevant Recall Campaign, subject to footnote 3.  The Preservation Request shall also inform dealers that they may dispose of all parts previously replaced and now stored by the dealers in connection with the Relevant Recall Campaign in the normal course of business.

16.	Subject to paragraphs 13, 15, and footnote 3, New GM is not required to attempt to preserve parts covered by the Relevant Recall Campaign over and above the number of parts identified in paragraph 13 and footnote 3.  Thus, once New GM has received parts from 1% of the total number of vehicles recalled pursuant to the Relevant Recall Campaign, as detailed in paragraphs 13, 15 and footnote 3, New GM shall communicate to dealerships that the dealerships are not being requested to return additional parts to New GM and do not need to preserve any parts removed from vehicles pursuant to that Relevant Recall Campaign on a forward-going basis.  In addition, in the event that New GM receives parts from more than 1% of the total number of vehicles recalled pursuant to the Relevant Recall Campaign as detailed in paragraph 13 and footnote 3 ("Excess Parts"), New GM may dispose of and not preserve the Excess Parts.

17.	This Order shall also apply to related cases later filed in, removed to, or transferred to this Court.

18. All parties reserve the right to request a modification of this Order, including seeking an order further limiting preservation obligations with respect to parts preserved pursuant to the Relevant Recall Campaign.

| | |
|---|---|
| */s/ Steve W. Berman* | */s/ Robert C. Hilliard* |
| Steve W. Berman | Robert C. Hilliard |
| Hagens Berman Sobol | Hilliard Munoz Gonzales |
| Shapiro LLP | 719 S. Shoreline Blvd. - # 500 |
| 1918 Eighth Ave. | Corpus Christi, TX  78401 |
| Suite 3300 | *Lead Counsel* |
| Seattle, WA  98101 | |
| *Lead Counsel* | |
| | |
| */s/ Elizabeth J. Cabraser* | */s/ Richard C. Godfrey* |
| Elizabeth J. Cabraser | Richard C. Godfrey, P.C. |
| Lieff Cabraser Heimann & | Kirkland & Ellis LLP |
| Bernstein, LLP | 300 N. LaSalle Street |
| 275 Battery Street | Chicago, IL  60654 |
| 29th Floor | *Counsel for Defendant General Motors LLC* |
| San Francisco, CA  94111-3339 | |
| *Lead Counsel* | |

**SO ORDERED:**

Dated: October 14, 2014
New York, New York

_____
The Honorable Jesse M. Furman
United States District Judge