# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | MDL NO. 2543 |
| | ) | 1:14-MD-2543-JMF |
| GENERAL MOTORS LLC IGNITION | ) | 1:14-MC-2543-JMF |
| SWITCH LITIGATION | ) | |
| | ) | |
| | ) | HON. JESSE M. FURMAN |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| *People of the State of California v. General* | ) | |
| *Motors LLC,* Case No. 1:14-cv-07787-JMF | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO REMAND BY PLAINTIFF
## THE PEOPLE OF THE STATE OF CALIFORNIA

# TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................1

II.     BACKGROUND ...............................................................................................3

     A.    The OCDA's Complaint ...............................................................................3

     B.    Procedural History.......................................................................................4

III.    THE IMPACT OF SECOND CIRCUIT LAW ...............................................5

IV.    LEGAL STANDARD ......................................................................................6

     A.    The Ability To Remove An Action To Federal Court Is Limited By Statutory Authorization From Congress And 28 U.S.C. § 1441 ................................6

     B.    There Is A "Strict Construction Of The Right Of Removal" And Any Doubts Are Resolved Against Removal And In Favor Of Remand .....................6

     C.    On A Plaintiff's Motion To Remand, "The Defendant Bears The Burden Of Showing That Federal Jurisdiction Is Proper" And All Disputed Questions Of Law And Fact Are Construed In Favor Of The Plaintiff ...................6

V.     THE POLICE POWER EXEMPTION UNDER 28 U.S.C. 1452(A) PREVENTS THIS ACTION FROM BEING REMOVED TO FEDERAL COURT........................8

     A.    An Action By A Governmental Unit To Enforce A Police Power Is Not Subject To Removal Pursuant To 28 U.S.C. § 1452(a)..........................8

     B.    This Case Is Different Than Any Other In This MDL ............................8

     C.    The Police Power Exception Applies.........................................................9

           1.    Two Tests Have Historically Been Used To Determine The Applicability Of The Police Power Exception .........................................9

               a.    The "Pecuniary Purpose" Or "Pecuniary Advantage" Test .........10

               c.    The Ninth Circuit Has Held That The Police Power Exception Applies If *Either* Test Is Satisfied ..................................................10

               d.    The Second Circuit Has Not Ruled On Which Test To Apply ......11

           2.    This Court Does Not Need To Rule On Which Particular Test Applies In The Second Circuit Because Both Tests Are Satisfied Here .................11

               a.    Contrary To GM's Assertions, The Police Power Exception Applies Where Civil Penalties Are Sought .....................................12

               b.    *Missouri v. Portfolio Recovery Associates* Demonstrates That Both Tests Are Satisfied Here.............................................................13

c.    The Police Power Exception Does Not Require That The Primary Purpose Be To Enjoin Some Future Imminent Harm ....14

D.    GM's Attempt To Use The OCDA's Cooperative Efforts Against It Is Unfair And Misplaced........................................................................................15

VI.    THE STATE'S CLAIMS ARE NOT BARRED BY THE JULY 2009 BANKRUPTCY COURT SALE ORDER ........................................................16

VII.    FEDERAL QUESTION JURISDICTION DOES NOT EXIST........................................17

A.    The OCDA Case Asserts No Federal Causes Of Action........................................17

1.    The UCL And FAL Claims Are Not Based Entirely On And Do Not Hinge Upon Violation Of Federal Law ..........................................17

2.    Where UCL Or FAL Claims Are Based On Both Violations Of State And Federal Law, Federal Question Jurisdiction Does Not Exist............18

B.    *Grable* Does Not Support Exercising Federal Question Jurisdiction Here ..........19

1.    *Grable* "Encompasses Only A Small Category Of Cases" ........................19

2.    The Situation In *Grable* And The Cases Relied On By GM Were Different Than The UCL And FAL Claims Here .......................................19

VIII.    CONCLUSION ........................................................................................................20

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Arizona v. Countrywide Fin. Corp.*, 2011 WL 995963 (D. Ariz. Mar. 21, 2011) ........................... 12

*Arvizu v. IndyMac Bank, F.S.B.*, 2011 WL 4529658 (C.D. Cal. Sept. 30, 2011) ............................ 6

*Avenius v. Banc of Am. Sec., LLC*, 2006 WL 4008711 (N.D. Cal. Dec. 30, 2006) ....................... 17

*California ex rel. Brown v. Villalobos*, 453 B.R. 404 (D. Nev. 2011) ................................ 13, 14, 15

*Celeste v. Merck, Sharpe & Dohme*, 2014 WL 2739025 (S.D. Cal. June 17, 2014) ....................... 5

*City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115 (9th Cir. 2006) ............. 5, 8, 10-13

*Deutsche Bank Nat'l Trust Co. v. Salazar*, 2011 WL 765568 (C.D. Cal. Feb. 18, 2011) .............. 17

*Empire HealthChoice Assurance v. McVeigh*, 547 U.S. 677 (2006) ............................................... 19

*Fed. Trade Comm'n v. Consumer Health Benefits Ass'n*, 2011 WL 2341097 (E.D.N.Y. June 8, 2011) ....................................................................................................................................... 11

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ....................................................................... 6

*Grable & Sons Metal Products v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ............................. 19

*Greenlee v. Wells Fargo*, 2012 WL 10649203 (C.D. Cal. June 25, 2012) .................................... 17

*Holliman v. Kaiser Foundation Health Plan*, 2006 WL 662430 (N.D. Cal. Mar. 14, 2006) .......... 18

*In re General Motors LLC Ignition Switch Litig.*, 2014 WL 4636459 (S.D.N.Y. Sept. 17, 2014) ... 5

*In re Lifelock, Inc. Mktg. & Sales*, 2009 WL 2222711 (D. Ariz. July 24, 2009) ............................ 20

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
488 F.3d 112 (2d Cir. 2007) ........................................................................ 5, 7-9, 11, 12, 14

*In re NASDAQ Market Makers Antitrust Litig.*, 929 F.Supp. 174 (S.D.N.Y. 1996) ........................ 7

*In re Thomas*, 355 B.R. 166 (N.D. Cal. 2006) ............................................................................. 13

*In re Trinity Meadows Raceway, Inc.*, 2007 WL 2713920 (N.D. Tex. Sept. 11, 2007) .................. 11

*In re Universal Life Church, Inc.*, 128 F.3d 1294 (9th Cir. 1997) .................................................. 9

*Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) ...................................... 1

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979) .............................................. 6

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) .............................................................. 9

*Massachusetts v. New England Pellet, LLC*, 409 B.R. 255 (D. Mass. 2009) ................................ 10

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) ...................................... 20

*Missouri v. Portfolio Recovery Associates*, 686 F.Supp.2d 942 (E.D. Mo. 2010) .................... 13-14

*Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321 (2d Cir. 2011) .................................. 7

*Ortiz v. City of New York*, 2013 WL 2413724 (S.D.N.Y. June 4, 2013) ....................................... 6-7

*Pierini v. City of Niagara Falls*, 2013 WL 4505461 (W.D.N.Y. Aug. 22, 2013) ............................ 7

*Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208 (2d Cir. 2013) ................................................. 6, 7

*Rose v. Seamless Fin. Corp.*, 2012 WL 3985964 (S.D. Cal. Sept. 10, 2012) ................................ 17

*Roth v. Comerica Bank*, 799 F.Supp.2d 1107 (C.D. Cal. 2010) ........................................ 6

*Solis v. SCA Rest. Corp.*, 463 B.R. 248 (E.D.N.Y. 2011)........................................5, 9-11

*Somlyo v. J. Lu-Rob Enters., Inc*., 932 F.2d 1043 (2d Cir. 1991)..................................... 7

*Weinrauch v. New York Life Ins. Co*., 2013 WL 165018 (S.D.N.Y. Jan. 16, 2013)........................ 7

*Williams v. Wells Fargo Bank, N.A*., 2010 WL 3184248 (C.D. Cal. Aug.9, 2010) ...................... 18

### STATE CASES

*Hale v. Morgan*, 22 Cal.3d 388 (1978) ........................................................... 13

*People of the State of California v. Pacific Land Research Co*., 20 Cal.3d 10 (1977)..................... 9

### FEDERAL STATUTES

26 U.S.C. § 6335 ................................................................................. 19

28 U.S.C. § 1331 ............................................................................. 2, 17

28 U.S.C. § 1407(a) .............................................................................. 1

28 U.S.C. § 1441 ............................................................................. 4, 6

28 U.S.C. § 1452(a) .................................................................. 2, 4, 5, 8, 9, 13

### STATE STATUTES

Cal. Bus. & Prof. Code § 17200 ........................................................ 2, 3, 8, 9, 17, 18

Cal. Bus. & Prof. Code § 17204 ............................................................... 3, 8

Cal. Bus. & Prof. Code § 17208 ................................................................. 16

Cal. Bus. & Prof. Code § 17500 ............................................................ 2, 3, 17

Cal. Bus. & Prof. Code § 17535 ............................................................... 3, 8

### OTHER AUTHORITIES

Hon. William W. Schwarzer et al., Prac. Guide Fed. Civ. Proc. Before Trial (The Rutter Group Nat'l Ed.) (Westlaw 2014) Ch. 4–M, at ¶ 4:935......................................................... 1

## I.      INTRODUCTION

Plaintiff The People of the State of California, acting by and through Orange County District Attorney ("OCDA") Tony Rackauckas, respectfully request that this Court issue an order remanding this action to Orange County Superior Court.   Defendant General Motors LLC ("GM") contends that federal jurisdiction exists in this action.   GM removed this action from Orange County Superior to the United States District Court for the Central District of California for the Southern Division, which embraces Orange County, California.   The OCDA believes that this action should be remanded. The central question presented in this motion is whether this action: (a) should be remanded to Orange County Superior Court *now*; or (b) will be remanded *later* to the United States District Court for the Central District of California for trial.

The MDL statute provides that every action transferred for pretrial coordination and consolidation "*shall be remanded* . . . at or before the conclusion of such pretrial proceedings to the district from which it was transferred" for trial. 28 U.S.C. § 1407(a) (emphasis added). Under *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), if this motion to remand is denied, this action must still be remanded to the United States District Court for the Central District of California for trial. *Id*. at 39.   *See also* Hon. William W. Schwarzer et al., Prac. Guide Fed. Civ. Proc. Before Trial (The Rutter Group Nat'l Ed.) (Westlaw 2014) Ch. 4–M, at ¶ 4:935 (noting that, under *Lexecon*, "a federal district court conducting pretrial proceedings pursuant to the MDL statute has no power to assign transferred cases to itself for trial.").   The OCDA respectfully submits that this motion should be granted and this action should be remanded now for several reasons.

*First*, this action should have never been removed by GM.   This is an action by a governmental unit which has been brought in the public interest and to enforce a police power.

It is fundamentally different than other ignition switch related cases that have been filed against GM.  More importantly, 28 U.S.C. § 1452(a) makes clear that this action is exempt from removal.  Pursuant to section 1452(a), an action by a governmental unit to enforce a police or regulatory power cannot be removed to federal court.  Section 1452(a) reflects a clear intent by Congress to exempt actions such as this from being removed to federal court and to instead allow them to proceed in state court.

***Second***, this action is clearly not barred by Judge Gerber's June 2009 Sale Order and Injunction.  The only causes of action alleged are for violation of Cal. Bus. & Prof. Code §§ 17200 and 17500, for which there is a four (4) year statute of limitations.  This action was filed by the OCDA on June 27, 2014.  The OCDA does not now seek a remedy for any conduct prior to this action.  The only actionable conduct alleged in the complaint for which any violations or civil penalties are to be imposed are those occurring from June 27, 2010 to the present by "New GM."  Moreover, even if this were not the case, New GM expressly assumed liability for "Old GM's" TREAD Act reporting and related disclosure obligations relating to vehicle defects.  Accordingly, this action is simply not subject to the Bankruptcy Court proceedings.

***Third***, federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not exist.  The OCDA's action asserts no federal causes of action against GM.  Rather, the only two (2) causes of action asserted – for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL") and False Advertising Law, Cal. Bus. & Prof. Code § 17500 (the "FAL") are not based entirely on or are contingent upon federal law.  Where, as here, UCL and FAL claims are based on both violations of state law and federal law, federal question jurisdiction does not exist.  Thus, the OCDA's motion to remand should be granted.

## II.    BACKGROUND

### A.    The OCDA's Complaint

This action was filed by the Orange County District Attorney ("OCDA") on behalf of

The People of the State of California in Orange County Superior Court on June 27, 2014.   The

OCDA filed a First Amended Complaint on July 1, 2014.  The first paragraph of the operative

complaint makes clear that the State's action primary purpose is to enforce a police power:

> "This is a law enforcement action which primarily seeks to protect the public
> safety and welfare, brought by a governmental unit in the exercise of and to
> enforce its police power. The action is brought by Tony Rackauckas, District
> Attorney of the County of Orange, under California Business and Professions
> Code sections 17200 et seq., the Unfair Competition Law ("UCL"), and 17500 et
> seq., the False Advertising Law ("FAL"), and involves sales, leases, or other
> wrongful conduct or injuries occurring in California. The defendant is General
> Motors, LLC ("GM")."

First Am. Compl., at ¶ 1 (internal citations omitted).  Paragraph 25 of the complaint alleges:

> "Tony Rackauckas, District Attorney for the County of Orange, acting to protect
> the public as consumers from unlawful, unfair, and fraudulent business practices,
> brings this action in the public interest in the name of the People of the State of
> California for violations of the Unfair Competition Law pursuant to California
> Business and Professions Code Sections 17200, 17204 and 17206, and for
> violations of the False Advertising Law pursuant to California Business and
> Professions Code Sections 17500, 17535 and 17536.  Plaintiff, by this action,
> seeks to enjoin GM from engaging in the unlawful, unfair, and fraudulent
> business practices alleged herein, and seeks civil penalties for GM's violations of
> the above statutes."

First Am. Compl., at ¶ 25. Although the State's action seeks civil penalties, it primarily seeks

injunctive relief, namely that GM "be permanently enjoined from committing any acts of unfair

competition, including the violations alleged" in the complaint.  First Am. Compl., at p. 57.

The State's "action seeks to hold GM liable only for its *own* acts and omissions *after* the July

10, 2009 effective date of the Sale Order and Purchase Agreement through which GM acquired

virtually all of the assets and certain liabilities of Old GM." First Am. Compl., ¶ 3.

B.  **Procedural History**

This action was filed in California's Orange County Superior Court on June 27, 2014. On August 5, 2014, GM filed a notice of removal, removing the case to the United States District of the Central District of California.  Following removal to federal court, the case was assigned to the Honorable James V. Selna.  GM removed the action primarily on the grounds that it was subject to bankruptcy proceedings involving GM's predecessor, General Motors Corporation ("Old GM").  GM's removal papers did not mention the fact that this action was filed by a governmental unit to enforce a police power which would render the case, by clear and unequivocal statutory language, exempt from removal under 28 U.S.C. § 1452(a).

On August 6, 2014, GM filed a Notice of Tag-Along Action, attempting to have this case transferred to and included as part of this MDL.  On August 7, 2014, GM demanded that the State either agree to be subject to a stay or immediately file a "No Stay Pleading" with the Bankruptcy Court. On August 19, 2014, the OCDA filed opposition and objection to the Notice of Tag-Along Action in accordance with Rule 7.1(c) of the JPML which had the effect of temporarily vacating the Conditional Transfer Order No. 11. On August 19, 2014, the OCDA filed a "Limited" No Stay Pleading in the Bankruptcy Court, asking that the OCDA be permitted to proceed with a motion to remand this action to state court.

The OCDA filed a motion to remand on August 22, 2014.  On September 19, 2014, after the motion was fully briefed, Judge Selna issued an order declining to rule on the motion. On September 24, 2014, the OCDA withdrew its motion to vacate CTO No. 11.   On September 25, 2014, the JPML transferred this action to the MDL.  The Court ordered supplemental briefing regarding the impact of Second Circuit law on the remand issues and set the motion for hearing on November 6, 2014 in this Court.  Order No. 18.

## III.     THE IMPACT OF SECOND CIRCUIT LAW

The Court ordered supplemental briefing regarding the impact of Second Circuit law in connection with this motion.  Whether or not the law of the transferor or transferee court applies varies among the circuits.  In the Ninth Circuit, "[i]n a MDL action such as this, the transferee court applies the law of the transferor court. . . ." *Celeste v. Merck, Sharpe & Dohme*, 2014 WL 2739025, \*3 (S.D. Cal. June 17, 2014). In the Second Circuit, the rule is different.  In the Second Circuit, "the transferee court must apply 'its interpretations of federal law, not the constructions of federal law of the transferor circuit.'" *In re General Motors LLC Ignition Switch Litig*., 2014 WL 4636459, \*2 n. 1 (S.D.N.Y. Sept. 17, 2014) ("[T]he Court applies Second Circuit law in deciding whether to remand this action.").[1]

While there are some nuances between Ninth and Second Circuit law, none of the differences are so material that they ultimately yield a different conclusion in this case.  The legal standards and the presumptions against removal are the same.  Likewise, courts in the Second Circuit and Ninth Circuit have reached similar conclusions based on similar rationales regarding the rule that police power actions cannot be removed to federal court pursuant to 28 U.S.C. § 1452(a).  *See, e.g.*, *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig*., 488 F.3d 112, 133-34 (2d Cir. 2007); *City & County of San Francisco v. PG&E Corp*., 433 F.3d 1115, 1118 (9th Cir. 2006); *Solis v. SCA Rest. Corp*., 463 B.R. 248, 251-53 (E.D.N.Y. 2011).  In short, whether Ninth Circuit or Second Circuit law is applied, the outcome should be the same: this motion should be granted.

---

[1] The rule is the same in most other circuits, including the First Circuit, *see, e.g.*, *In re Neurontin Mktg. Sales Prac. & Prods. Liab. Litig*., 2006 WL 6553001 (D. Mass. Dec. 22, 2006), Third Circuit, *see, e.g.*, *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig*., 2012 WL 1118780, \*__ (D.N.J. Apr. 3, 2012), Fourth Circuit, *see, e.g.*, *Brockway v. Evergreen Int'l Trust*, 2012 WL 5458464 (4th Cir. 2012), Seventh Circuit, *see, e.g.*, *In re Bridgestone/Firestone, Inc*., 256 F.Supp.2d 884, 887 (S.D. Ind. 2008), and Eighth Circuit. *See, e.g.*, *In re Temporomandibular Joint Implants Prods. Liab. Litig*., 97 F.3d 1050, 1055 (8th Cir. 1996).

## IV.    LEGAL STANDARD

### A.    The Ability To Remove An Action To Federal Court Is Limited By Statutory Authorization From Congress And 28 U.S.C. § 1441

The legal standard on a motion to remand is the same in the Ninth Circuit as it is in the Second Circuit.   The right to remove a case to federal court is governed by statutory authorization from Congress. *See*, *e.g.*, *Ortiz v. City of New York*, 2013 WL 2413724, *1 (S.D.N.Y. June 4, 2013) (citing *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).   Courts in both the Second and Ninth Circuits have recognized that "[r]emoval of a case to federal court is governed by 28 U.S.C. § 1441."   *Arvizu v. IndyMac Bank, F.S.B.*, 2011 WL 4529658, *1 (C.D. Cal. Sept. 30, 2011); *accord Ortiz*, 2013 WL 2413724, at *1.   "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states." *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1114 (C.D. Cal. 2010); *accord Ortiz*, 2013 WL 2413724, at *1.

### B.    There Is A "Strict Construction Of The Right Of Removal" And Any Doubts Are Resolved Against Removal And In Favor Of Remand

"In the Ninth Circuit, there is a 'strong presumption' against removal and the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).   Courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Id*.   Moreover, in the Ninth Circuit, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.   The same standard exists in the Second Circuit.   For example, in *Ortiz*, this Court explained:

> Significantly, '[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, **federal courts construe the removal statute narrowly, resolving any doubts against removability**.'

*Ortiz*, 2013 WL 2413724, at *1 (quoting *Purdue Pharma*, 704 F.3d at 213) (emphasis added) (noting that there is a "strict construction of the right of removal" which "makes good sense[.]").  As in the Ninth Circuit, courts in the Second Circuit have consistently held that the removal statutes are to be strictly construed and any doubts are to be resolved in favor of remand.  *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("The Supreme Court has held that 'statutory procedures for removal are to be strictly construed" and "[courts] must resolve any doubts against removability."); *accord Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991) (courts must "resolv[e] any doubts against removability.").

C.   <u>On A Plaintiff's Motion To Remand, "The Defendant Bears The Burden Of Showing That Federal Jurisdiction Is Proper" And All Disputed Questions Of Law And Fact Are Construed In Favor Of The Plaintiff</u>

In both the Second Circuit and in the Ninth Circuit, "[w]hen the plaintiff challenges the court's subject matter jurisdiction on a motion to remand, the defendant bears the burden of showing that federal jurisdiction is proper." *Pierini v. City of Niagara Falls*, 2013 WL 4505461, *4 (W.D.N.Y. Aug. 22, 2013) (citing *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).  GM, as the "party seeking removal[,] bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr.*, 642 F.3d at 327.  In addition, the Court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff." *Weinrauch v. New York Life Ins. Co.*, 2013 WL 165018, *3 (S.D.N.Y. Jan. 16, 2013); *accord In re NASDAQ Market Makers Antitrust Litig.*, 929 F.Supp. 174, 178 (S.D.N.Y. 1996).

**V.      THE POLICE POWER EXEMPTION UNDER 28 U.S.C. 1452(a) PREVENTS THIS ACTION FROM BEING REMOVED TO FEDERAL COURT**

**A.      <u>An Action By A Governmental Unit To Enforce A Police Power Is Not Subject To Removal Pursuant To 28 U.S.C. § 1452(a)</u>**

This is an action by a governmental unit to enforce a police power.  Actions by governmental units to enforce police or regulatory powers are treated differently for removal than other types of cases.  Section 1452(a) provides that a party may not remove to federal court "a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. . . ." 28 U.S.C. § 1452(a).  The rule has been recognized by courts in both the Second and Ninth Circuits. *See*, *e.g.*, *City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1118, 1127 (9th Cir. 2006) ("28 U.S.C. section 1452(a) exempts such an action from removal to bankruptcy court."); *In re MTBE*, 488 F.3d 112, 133-34 (2d Cir. 2007) (holding that governmental actions "to enforce their 'police or regulatory power' . . . are not subject to removal under section 1452.").

**B.      <u>This Case Is Different Than Any Other In This MDL</u>**

The OCDA action is fundamentally different than any other case in the MDL.  It is the only case of its kind.  It is the only action that has been brought against GM by a governmental unit.  California Business and Professions Code sections 17204 and 17535 specifically authorize District Attorneys in California to bring law enforcement actions for injunctive relief, restitution and civil penalties under the UCL and FAL.  Cal. Bus. & Prof. Code §§ 17204, 17535. "As the California Supreme Court has explained, a civil action by a governmental entity under section 17200 'is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.'" *PG&E Corp.*, 433 F.3d at 1125-26 (quoting *People of the*

*State of California v. Pacific Land Research Co*., 20 Cal.3d 10, 141 Cal.Rptr. 20, 24, 569 P.2d 125 (1977)).   "The character of a section 17200 action is not affected by the choice of restitution" or civil penalties "as a remedy." *Id*. at 1126.  Because this is fundamentally a law enforcement action designed to protect the public, it is not subject to removal pursuant to section 1452(a). *Id*.

    **C.**     <u>The Police Power Exception Applies</u>

        **1.**     **Two Tests Have Historically Been Used To Determine The Applicability Of The Police Power Exception**

In determining whether the police power exception applies, "courts look to the purpose of the law that the government seeks to enforce to distinguish between situations in which a 'state acts pursuant to its 'police and regulatory power,' and where the state acts merely to protect its status as a creditor." *Solis v. SCA Rest. Corp*., 463 B.R. 248, 251 (E.D.N.Y. 2011).  "Two tests have been historically applied to resolve this question: (1) the 'pecuniary purpose' test (also known as the 'pecuniary interest' test), and (2) the 'public policy' test." *Id*. at 252 (citing *In re MTBE*, 488 F.3d 112, 133 (2d Cir. 2007); *In re Universal Life Church, Inc*., 128 F.3d 1294, 1297 (9th Cir. 1997)).

          **a.**     **The "Pecuniary Purpose" Or "Pecuniary Advantage" Test**

"Under the pecuniary purpose test, a court looks to whether a governmental proceeding relates to public safety and welfare, which favors application of the [police power] exception, or to the government's interest in the debtor's property, which does not." *Id*. (citing *In re MTBE*, 488 F.3d at 133; *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1108-09 (9th Cir. 2005).  "'If it is evident that a governmental action is primarily for the purpose of protecting a pecuniary interest, then the action should not be excepted. . . .'" *Id*.

"Other courts have backed away from the 'pecuniary purpose' test, and apply a broader 'pecuniary advantage' test." *Id*. "Under the 'pecuniary advantage' test, the relevant inquiry is not whether the governmental unit seeks property of the debtor's estate, but rather whether the specific acts that the government wishes to carry out would create a pecuniary advantage for the government vis-à-vis other creditors." *Id*. "[T]he 'pecuniary advantage' analysis has been used as an alternative formulation of the first test." *Id*.

### b.     The "Public Policy" Test

"The second test – namely, the public policy test – distinguishes 'between proceedings that adjudicate private rights and those that effectuate public policy.'" *Id*. "An action may further both public and private interests." *Solis v. SCA Rest. Corp*., 463 B.R. 248, 252 (E.D.N.Y. 2011). "Where 'an action furthers both public and private interests,'" the police power exception applies "if 'the private interests do not significantly outweigh the public benefit from enforcement.'" *Id*.

### c.     The Ninth Circuit Has Held That The Police Power Exception Applies If *Either* Test Is Satisfied

"The tests are overlapping to some extent, and there also appears to be some confusion in the case authority as to whether both [tests] must be satisfied for an action to be exempted, or whether one is sufficient." *Id*. "In fact, the Ninth Circuit has discussed this specific issue." *Id*. The Ninth Circuit Court of Appeals has held that "controlling precedent . . . quite plainly states satisfying *either* the 'pecuniary interest' or 'public policy' test will suffice." *City & County of San Francisco v. PG&E Corp*., 433 F.3d 1115, 1125 n. 11 (9th Cir. 2006) (emphasis added). The rule is the same in the First Circuit: if *either* test is satisfied, the police power exception applies.  *See Massachusetts v. New England Pellet, LLC*, 409 B.R. 255, 259 (D. Mass. 2009) ("If either test is satisfied the case is considered an enforcement action.").

### d.     The Second Circuit Has Not Ruled On Which Test To Apply

"The Second Circuit has not yet ruled on which test to apply." *Solis v. SCA Rest. Corp.*, 463 B.R. 248, 253 (E.D.N.Y. 2011).  *See also In re MTBE*, 488 F.3d at 133 ("[W]e do not find it necessary to pass on the validity of these tests at this time."); *Fed. Trade Comm'n v. Consumer Health Benefits Ass'n*, 2011 WL 2341097, *2 (E.D.N.Y. June 8, 2011) ("The Second Circuit has yet to pass on the validity of any particular test.").

### 2.     This Court Does Not Need To Rule On Which Particular Test Applies In The Second Circuit Because Both Tests Are Satisfied Here

In *Solis*, as in *In re MTBE*, the court declined to articulate the test in the Second Circuit because it was not necessary to do so.  *See id*. at 252; *see also In re Trinity Meadows Raceway, Inc.*, 2007 WL 2713920, *6 n. 29 (N.D. Tex. Sept. 11, 2007) ("Although it is not clear whether a governmental unit must pass either or both tests, the inquiry is inconsequential because" both are met).  Regardless of which test applied, the police power exception applied. *Id*.

The OCDA is a governmental unit and this action has been brought in the public interest and to enforce a police power.  First Am. Compl., ¶¶ 1, 25.  "[T]he phrase 'police or regulatory power' 'refer[s] to the enforcement of state laws affecting health, welfare, morals, and safety, but not regulatory laws that directly conflict with the control of the res or property by the bankruptcy court.'"  *PG&E Corp.*, 433 F.3d at 1123.  The complaint makes clear that this action is brought to protect the public safety and welfare.  Moreover, the OCDA has the express authority by statute to bring exactly the type of claims alleged in this action.  The OCDA case has not been brought primarily to benefit the government's pecuniary interest.  Rather, it has been brought to protect public safety, to enforce a police and regulatory power and with the primary aim of trying to effectuate public policy and safety.

- 11 -

Civil penalties are just *part* of the relief sought.  As such, this action falls well within the OCDA's police and regulatory powers.  *See PG&E Corp.*, 433 F.3d at 1124; *see also New England Pellet*, 409 B.R. at 259.  The primary purpose of the OCDA action is protect the public by enjoining continuing and future unfair, deceptive, fraudulent and unlawful practices in California by New GM.  Moreover, the OCDA is not seeking to obtain any advantage over other plaintiffs or creditors.  It merely seeks to proceed with its claims in the proper forum.

  **a.**  **Contrary To GM's Assertions, The Police Power Exception Applies Where Civil Penalties Are Sought**

The police power exception applies where civil penalties are sought.  GM contends that the police power exception does not apply because this action has been pursued "primarily to advance the Orange County Plaintiff's pecuniary *interest*" because the action seeks a monetary remedy, i.e., civil penalties. (GM Opp., at 2:7-10) (emphasis added).  GM is mistaken.  *See City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1118 (9th Cir. 2006); *see also Arizona v. Countrywide Fin. Corp.*, 2011 WL 995963, *5 (D. Ariz. Mar. 21, 2011) ("Neither party disputes that the State's claims for injunctive relief or civil penalties properly fall within the [police power] exception.").

Rejecting nearly the same argument that GM has previously made here, the Second Circuit has observed that "section 1452 contains no provision distinguishing between lawsuits seeking to enforce a money judgment and those seeking merely the entry of a monetary judgment." *In re MTBE*, 488 F.3d at 133-34.  "Instead, . . . it applies to any suit by a government unit to enforce its police or regulatory powers." *Id.* at 134 ("In sum, as the present cases are such suits, they may not be removed pursuant to section 1452.").

"The legislative history of the police and regulatory powers exception and relevant case law demonstrate that the government may validly act to protect public safety, even if there is a monetary component to the government's actions." *In re Thomas*, 355 B.R. 166, 174 (N.D. Cal. 2006) (citations omitted).  *See also California ex rel. Brown v. Villalobos*, 453 B.R. 404, 412 (D. Nev. 2011) ("Civil penalties . . . do not convert a government unit's police power action into a pecuniary action.").  The California Supreme Court has even noted that civil penalties are "a means of securing obedience to statutes validly enacted under the police power." *Hale v. Morgan*, 22 Cal.3d 388, 149 Cal.Rptr. 375, 381, 584 P.2d 512 (1978).

> **b.** **_Missouri v. Portfolio Recovery Associates_ Demonstrates That Both Tests Are Satisfied Here**

In addition to these authorities, *Missouri v. Portfolio Recovery Associates*, 686 F.Supp.2d 942 (E.D. Mo. 2010) is directly on point.  In *Portfolio*, the State of Missouri filed an action in state court alleging that debt collection practices violate Missouri's Merchandising Practices Act ("MMPA").  The defendants removed the action to the United States District Court for the Eastern District of Missouri.  The plaintiff filed a motion to remand on the grounds that the action was not removable pursuant to section 1452(a)'s police power exception.  The defendants argued that the police power exception did not apply. *See id*. at 948.  Relying on the Ninth Circuit's decision in *PG&E*, the court found that the police power exception applied and that the case was not properly removed even though civil penalties were sought.  *Id*.

In *Portfolio*, as in this case, "the State ask[ed] for a permanent injunction enjoining defendants from violating the [state law]." *Id*. **_"It is clear that the State's claim for injunctive relief falls within the police . . . power exception to removal."_** *Id*. (citing *PG&E Corp*., 433 F.3d at 1124) (emphasis added).

Like the OCDA's action here under California's UCL and FAL, the State of Missouri *"also s[ought] civil penalties* for each violation of the MMPA." *Id*. (emphasis added). *"The fact that the State would receive monetary gain should it succeed in its suit does not bring the case out of the police or regulatory power exception."* *Id*. (emphasis added). *"Civil penalties are punitive in nature and fall within the State's police powers."* *Id*.  (emphasis added).  Thus, under *PG&E* and *Portfolio*, this action falls within the police power exception and was not properly removed.  *See id*. (granting motion to remand); *see also PG&E Corp*., 433 F.3d at 1124; *In re MTBE*, 488 F.3d 112, 133 (2d Cir. 2007).

> c.    **The Police Power Exception Does Not Require That The Primary Purpose Be To Enjoin Some Future Imminent Harm**

In prior briefing, GM has urged that the police power exception does not apply because "the primary purpose of [this action] is not to prevent future violations, but to obtain pecuniary gain based on alleged past conduct by New GM and Old GM[,]"and that any claim for injunctive relief has been rendered "effectively moot" because it has already issued recalls. (GM Opp., at 10:6-15, 11:24-25).  While this may be GM's argument, it is a question to be decided by the trier of fact – not GM.

GM's suggestion there is no ongoing safety risk is belied by the evidence, the allegations in this action, and what will be proven at trial.  Regardless, in determining the applicability of the police power exception, the merits of the enforcement action are not considered.  *Villalobos*, 453 B.R. at 409.  Moreover, "injunctive relief is not required for the police power exemption" and "urgent need to prevent imminent harm is not required for the police power exemption." *Id.* at 411.

**D.** **GM's Attempt To Use The OCDA's Cooperative Efforts Against It Is Unfair And Misplaced**

The OCDA has made clear that it has not opposed the bankruptcy court stay or sought to vacate the CTO to be transferred to the MDL in order to "get to the head of the line" or gain an advantage over other ignition switch related cases.  The OCDA has stated that it intends to coordinate with discovery in the MDL.  In every pleading, the OCDA has made clear that it simply seeks the ability to proceed with this motion to remand.  GM has tried to use the OCDA's cooperative efforts against it.  Specifically, GM has attempted to use the OCDA's cooperative efforts against it, arguing "far from 'urgently' demanding the exercise of California's police power, the Orange County Plaintiff's representation . . . that it is prepared to stay its entire case other than this remand motion undermines any notion that public safety is at issue. . . ." (GM Opp., at 13:22-27).

Again, as explained by the court in *California ex rel. Brown v. Villalobos*, 453 B.R. 404 (D. Nev. 2011) "injunctive relief is not required for the police power exemption" and "urgent need to prevent imminent harm is not required for the police power exemption." *Id.* at 411. But, to be clear, at the appropriate time, the OCDA will seek injunctive relief and will do whatever is appropriate to address any public safety issue.  Whether Second Circuit or Ninth Circuit law is applied and regardless of whether the pecuniary purpose or public policy tests or both are used, the police power exception of section 1452 applies.  Thus, the OCDA's motion to remand should be granted.

## VI.   THE STATE'S CLAIMS ARE NOT BARRED BY THE JULY 2009 BANKRUPTCY COURT SALE ORDER

GM has previously argued that federal court jurisdiction also exists because the claims alleged in this action are barred by the Bankruptcy Court's July 2009 Sale Order. (GM Opp., at 1:25-28).  According to GM, "the Orange County Plaintiff seeks to plead around the Bankruptcy Court's Sale Order and Injunction by asserting that its Complaint intends to hold New GM liable only for its own conduct after the effective date of the Sale Order and Injunction." (GM Opp., at 5:11-13).   Consequently, GM contends that "the Bankruptcy Court has core and exclusive jurisdiction over Plaintiff's claims." (GM Opp., at 8:8-9).  This argument also fails.

The statute of limitations for actions under the UCL and FAL is four (4) years.  Cal. Bus. & Prof. Code § 17208.  In other words, the OCDA can only recover civil penalties by GM going back four (4) years from the date that the State's action was filed.  The OCDA filed this action on June 27, 2014.  As such, the only violations of California for which GM can be responsible are those occurring *after* June 27, 2010 – which is year *after* the Bankruptcy Court's Sale Order in July of 2009.  Accordingly, contrary to GM's assertions, this is not even remotely close to an issue that invokes any bankruptcy issues pertaining to the liability or debts of "Old GM."  This action is entirely based on violations of California law by "New GM."

Even if the statute of limitations and allegations of the complaint did not make clear that the only actionable conduct for which the State can and is seeking to impose liability is based on the conduct of New GM *after* the Bankruptcy Court's June 2009 Sale Order, it is also important to note that New GM expressly assumed the responsibility and liability for "Old GM's" TREAD Act reporting and related disclosure obligations.  The salient point is that the State's action in no way seeks to impose liability against "Old GM" or to somehow resurrect claims based on the

conduct or debts of "Old GM."  This case solely seeks to impose liability based on the conduct of "New GM."  Thus, the Bankruptcy Court's July 2009 Sale Order does not bar this action.

## VII.    FEDERAL QUESTION JURISDICTION DOES NOT EXIST

### A.    The OCDA Case Asserts No Federal Causes Of Action

Although it was not GM's primary basis for removal, GM suggested in its removal papers that removal was also warranted based on federal question jurisdiction.  "The Court must determine jurisdiction on the basis of the case removed." *Deutsche Bank Nat'l Trust Co. v. Salazar*, 2011 WL 765568, *1 (C.D. Cal. Feb. 18, 2011).  The OCDA's action asserts just two (2) causes of action: both for violations of California law: (1) the UCL, Cal. Bus. & Prof. Code § 17200; and (2) the FAL, Cal. Bus. & Prof. Code § 17500. "No federal claims are asserted (28 U.S.C. § 1331)." *Id.*  "Thus, there is no basis for federal question jurisdiction." *Greenlee v. Wells Fargo*, 2012 WL 10649203, *5 (C.D. Cal. June 25, 2012).

#### 1.    The UCL And FAL Claims Are Not Based Entirely On And Do Not Hinge Upon Violation Of Federal Law

Although the complaint includes allegations regarding federal law (e.g., the TREAD Act), the only causes of action are state law claims.  The UCL and FAL claims are based on alleged: (1) *unfair*; (2) *fraudulent*; (3) *unlawful*; and (4) *deceptive* practices, and *false advertising*. The UCL and FAL claims are not based solely on violations of federal law and are not dependent or contingent upon federal law.  Federal question jurisdiction does not exist unless a UCL claim hinges or is premised entirely and only on a violation of federal law.  *See, e.g.*, *Rose v. Seamless Fin. Corp.*, 2012 WL 3985964, at *4 (S.D. Cal. Sept. 10, 2012); *Avenius v. Banc of Am. Sec., LLC*, 2006 WL 4008711, at *5-6 (N.D. Cal. Dec. 30, 2006).

### 2. Where UCL Or FAL Claims Are Based On Both Violations Of State And Federal Law, Federal Question Jurisdiction Does Not Exist

GM contends that federal question jurisdiction exists because it has been alleged that GM violated federal law and that the State seeks to use such violations of federal law as part of the basis for the state law causes of action alleged in the complaint.  That is not enough.

Although the Second Circuit has not addressed the issue, courts in the Ninth Circuit (which routinely address issues involving the UCL and FAL) have held that, "[w]here a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist." *Williams v. Wells Fargo Bank, N.A.*, 2010 WL 3184248, at *4 (C.D. Cal. Aug.9, 2010).  *See also Holliman v. Kaiser Foundation Health Plan*, 2006 WL 662430, at *13 (N.D. Cal. Mar. 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of both state and federal law.  The claims here are based on violations of both federal and (mostly) state law, including alleged unfair, fraudulent, unlawful and deceptive business practices which do not involve any violations of federal law.

Consequently, given the unfair, unlawful, fraudulent and deceptive prongs under the UCL, "[b]ecause a single unlawful[, unfair, fraudulent or deceptive] business practice may give rise to liability under the UCL, [the Court] could very well find that [GM] violated section 17200 *without* also finding that [it] violated [federal law]. As such, [the] UCL claim does not depend upon the resolution of a question of federal law." *Williams*, 2010 WL 3184248 at *4. *See also Holliman*, 2006 WL 662430 at *4.  Therefore, the exercise of subject matter jurisdiction premised on federal question jurisdiction is not appropriate here.

**B.** **_Grable_ Does Not Support Exercising Federal Question Jurisdiction Here**

    **1.** **_Grable_ "Encompasses Only A Small Category Of Cases"**

In _Grable & Sons Metal Products v. Darue Eng'g & Mfg._, 545 U.S. 308 (2005), the Supreme Court held that "[a] state cause of action can invoke federal question jurisdiction only if it 'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" _Countrywide Fin. Corp._, 2011 WL 995963, *4 (quoting _Grable_, 545 U.S. at 314). "This, however, encompasses only a 'small category' of cases." _Id._ (citing _Empire HealthChoice Assurance v. McVeigh_, 547 U.S. 677, 699 (2006).

    **2.** **The Situation In _Grable_ And The Cases Relied On By GM Were Different Than The UCL And FAL Claims Here**

_Grable_ was a quiet title action claiming the defendant's title was invalid because 26 U.S.C. § 6335 required the IRS to give the plaintiff notice by personal service. Unlike the state UCL and FAL claims at issue here, the claim was based solely upon federal law, and in fact, the meaning of a federal statute was the only contested issue in the case. _See_ 545 U.S. at 314-15. ("Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case."). _Grable_ did not involve a California UCL or FAL claim – or even a state law consumer protection claim that was premised in whole or in part on a violation of federal law.

This case is more like *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), where the Supreme Court rejected an argument that a state law negligence claim arose under federal law merely because the defendants' liability was partly premised on a violation of a federal regulation. *Id.* at 805-06. *See also In re Lifelock, Inc. Mktg. & Sales*, 2009 WL 2222711, *5-6 (D. Ariz. July 24, 2009) (granting motion to remand because state consumer protection claims did not raise federal question even if the claims were premised on violations of federal law).

## VIII.   CONCLUSION

Based on the foregoing, Plaintiff The People of the State of California, acting by and through Orange County District Attorney Tony Rackauckas, respectfully request that this Court grant this motion to remand this action to Orange County Superior Court.

Dated: October 9, 2014

Respectfully submitted,

Tony Rackauckas, District Attorney
ORANGE COUNTY DISTRICT ATTORNEY
401 Civic Center Drive
Santa Ana, CA 92701-4575
Tel: (714) 834-3600
Fax: (714) 648-3636
Attorneys for Plaintiff
The People of the State of California

*Associated Counsel*

/s/ Mark P. Robinson, Jr.
Mark P. Robinson, Jr.
ROBINSON CALCAGNIE ROBINSON
SHAPIRO DAVIS, INC.
19 Corporate Plaza Drive
Newport Beach, CA 92660
Tel.: 949-720-1288
Fax: 949-720-1292
Email: mrobinson@rcrlaw.net

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Tel: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com